### No. 358
### First Circuit

### BANTA v. MORESI

(December 4, 1928.   Opinion and Decree.)
(January 9, 1929.   Rehearing Refused.)
(February 11, 1929.   Writ of Certiorari and
   Review Denied by Supreme Court.)

Cline, Plauche & Girod, of Lake Charles, attorneys for plaintiff, appellant.

R. Lee Garland, of Opelousas, and John W. Lewis, of Opelousas, attorneys for defendant, appellee.

MOUTON, J. Plaintiff and his daughter, while at the home of defendant in Opelousas, left for a drive to Arnaudville, to see the flood during the high water in 1927.

Plaintiff was taken by defendant in his auto as his guest for the outing. He was driving a Packard. No untoward incident occurred going, but on returning from Arnaudville, the auto was overturned and plaintiff suffered injuries for which he brings this suit against defendant for twenty-one thousand seven hundred and forty-six dollars ($21,746.00).

The demand was rejected and plaintiff has appealed.

The accident happened on a curve about half-way between Arnaudville and Opelousas. On his way to Arnaudville, defendant passed on the right hand side of the curve, and coming back he passed on the left. The right side of the curve was practically free of gravel. There was, however, more gravel on the left hand side, and still a greater amount in the center of the roadway.

The defendant, as appears from the testimony, could have safely traveled in the auto he was driving, at a speed of sixty or sixty-five miles an hour. Plaintiff claims he was traveling at forty-six or forty-eight miles an hour. In this respect he is contradicted by several witnesses who said that defendant's speed while rounding the curve did not exceed forty miles an hour, and by defendant, whose testimony on this subject is, that he was not going over forty-five miles at the time which is clearly supported by the preponderance of the evidence.

It is shown by a storekeeper and his son who live in close proximity to this curve, that defendant was not traveling at a greater speed at the time of the accident than was usual with autoists that went at every hour of the day along this part of the highway. The fact is, that on the occasion in question, defendant as he entered the curve met W. F. Cain who was coming in his auto from Opelousas, in the opposite direction, and who testifies that defendant was not traveling at a greater speed than he was going, which he fixed at thirty-five miles. There was, therefore, nothing unusual as to the speed defendant was traveling and which certainly did not exceed forty-five miles an hour. This speed was not excessive, considering the safe maximum speed of the auto defendant was driving.

Defendant passed the Cain car safely and immediately after negotiating it, swerved his auto to the left towards the center of the road when the front right wheel of his auto came in contact with large loose gravel which had been spread in the middle of the roadway, and as yet had not been packed or become embedded in the highway.

The proof shows that defendant's car started "skidding" when the left front wheel struck the gravel while it was being swerved towards the center of the roadway.

Defendant applied the brakes immediately but could not right his car which turned over, causing the damage. It was found after the happening of the accident, that the tire on the left front wheel of the auto was "deflated."

In passing on this phase of the issue, the District Judge said:

"The Court's appreciation of the evidence in this case has convinced it beyond any doubt that the cause of the accident was due to the deflated left front tire on that wheel and the driving in loose gravel at the same time."

A careful examination of the record has likewise convinced us that such was the real cause of the accident, as it was not due to a dangerous, reckless or excessive speed of driving on the part of defendant. It must appear that the driver of an auto was at fault or guilty of imprudence or negligence at the time of the occurrence to entitle his invitee or guest to damages. C. C. 2315; Jacobs vs. Jacobs, 141 La. 272, 74 So. 992, L. R. A. 1917F, 253.

In the instant case defendant could not have foreseen or anticipated the accident, and could not, as appears from the record, have prevented the overturning of the auto even with the most skilful driving. He was therefore neither at fault, negligent or imprudent, and cannot be held liable.

Counsel for plaintiff endeavors to hold defendant responsible because as he contends, he knew at the time he invited plaintiff for the ride to Arnaudville, that the tires on his car were in bad condition. There is no proof that there were any apparent defects in the tires, or that defendant had any reason whatsoever to believe that there were any, latent or otherwise. It was his family car, and it cannot be justly supposed that he would have used it if the tires had been in a precarious condition, as he had ample means to replace them. It was shown, it is true, that the car had traveled 14,000 miles, but it appears from the evidence of experienced men in the automobile business that tires of the character in question, after being used over 25,000 miles are still in good running order. Because the tires on his car had gone over 14,000 miles, therefore, affords no ground for the contention that defendant knew, or even should have known that the tires might have been in bad condition, if in fact they were. The proof is, however, that a new tire may be deflated at any time, and without previously showing any defects in its make up or construction. This, it appears may likewise happen to an old tire.

Such being the proof on this question, we find no merit in the contention that defendant had any knowledge of any defect in the tires of his car. As a matter of fact, he could not have had such knowledge, if any existed, as the "deflating" of a tire may be the result of causes for which it is difficult if not impossible to account, as appears from the testimony.

We find no error in the judgment appealed from which is therefore affirmed.

***

## ON APPLICATION FOR REHEARING.

MOUTON, J. In our original opinion, we said that defendant on his way to Arnaudville had passed on the right side of the road which was practically free of gravel, and coming back to Opelousas, he passed on the left side where there was some accumulation of gravel, and still a greater amount in the center of the roadway. As the defendant had passed on the right side, going, he did not know there was more gravel on the left side, or that a larger accumulation was permitted to re-

main in the center of the roadway. Going, he had encountered no difficulty in making the curve, and returning, he had no reason to believe he would find more gravel on the left side, and much less to apprehend that there was more of it in the center of the road. He was, therefore, not chargeable with negligence or imprudence because of his traveling at about the same speed in going around the curve on his return trip.

In passing on the question of negligence, which is the vital issue presented, we said:

"The proof shows that defendant's car started 'skidding' when the left front wheel struck the gravel while his car was being swerved toward the center of the road; that he immediately applied his brakes, but could not right his car, which turned over, causing the damage."

In the case of Nicora vs. Cerveri, 49 Nev. 261, 244 Page 897, cited by plaintiff, it is therein said that defendant was traveling at an excessive rate of speed, "and in so doing left the traveled portion of the road and struck a pile of sand which had been placed there in connection with the fixing of the road, etc."

In the instant case, considering the maximum rate of speed at which defendant's car could travel, defendant was not, for the reasons stated in the opinion, going at an excessive rate of speed and there is also no proof to show that he had left the traveled portion of the roadway, which evidently were the important factors that led to the conclusion reached by the Court in the case relied upon by plaintiff, in his application for a rehearing.

The cause of the accident was ascribed by the District Judge to the deflated tire on the left front wheel, and the driving of the car in the loose gravel which had been allowed to accumulate in the center of the roadway and which we found could not have been anticipated or foreseen by the defendant, we therefore concluded that he had completely exonerated himself of the charge by plaintiff that the damage was the result of excessive speed in driving, or recklessness on his part.

We have nothing to add to our opinion in reference to the charge by plaintiff that the defendant knew, when he invited him for the ride to Arnaudville, that the tires on his car were in bad condition, and that he was therefore responsible for the injuries caused by the accident. There is no merit in this contention, nor in the others urged in the application.

Rehearing refused.