## Ginsburg, Appellant, *v.* City of Philadelphia.

Argued October 17, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAW-THROP, CUNNINGHAM and BALDRIGE, JJ.

*Fredk. H. Warner,* for appellant.

*William J. Graham,* and with him *Glenn C. Mead,* attorneys for Reading Company.

*Augustus Trask Ashton,* City Solicitor, and with him *John M. Hutchinson* and *G. Coe Farrier,* Assistant City Solicitors, for appellee, cited: Davis v. Pennsylvania Railroad Company, 215 Pa. 581; Rea v. Pittsburgh and Connellsville Railroad, 229 Pa. 106; Greenfield v. Philadelphia, 282 Pa. 344.

OPINION BY KELLER, J., January 29, 1930:

Pursuant to agreement with the Reading Company for the elimination of the grade crossing over its tracks at Ridge Avenue, Wissahickon Station, the City of Philadelphia vacated Ridge Avenue between the northeasterly and southwesterly lines of the railroad company; laid out and opened a street to connect the deadend on the northwest side of the tracks with Rochelle Avenue, by which name it thereafter designated Ridge Avenue as far as Osborn Street; and laid out and opened a new Ridge Avenue from Osborn Street to Main Street, crossing the railroad company's tracks above grade.

Appellant owned improved real estate on the northeasterly side of the former Ridge Avenue, now Rochelle Avenue, between Kalos Street and the railroad tracks. Deeming his property injured by the vacation of the

part of Ridge Avenue abovementioned, he made claim for damages before the board of viewers who gave an award in his favor. On appeal by the City of Philadelphia to the common pleas, the jury found that he had suffered no damage by the said improvement and rendered a verdict for the city.

His appeal to this court raises but two questions.

(1) He complains that the lower court permitted the city to ask, in the cross-examination of one of his expert witnesses as to land values, what provision the railroad company had made by tunnel to permit foot traffic to cross under the railroad tracks to the new Ridge Avenue. The tunnel plainly appeared on the plan of improvement offered in evidence by the appellant, and the question and answer complained of had no other effect than to explain the plan already in evidence. The court affirmed appellant's fourth point: "The tunnel opened by the Reading Railway in the line of the former Ridge Avenue, being on its own private property, is not a public thoroughfare, and is not to be considered as lessening the damages to which plaintiff might otherwise be entitled." This was at least as favorable as appellant had a right to ask; for if the agreement between the city and the railroad company, (which is not printed in the record), provided for the construction of the tunnel by the latter as part of the proposed improvement and for its use by the public, we are not sure that the jury had not a right to take it into consideration in arriving at appellant's damages.

(2) Appellant also complains because the city was permitted to ask the same witness as to his knowledge of the dangerous character of the grade crossing. The rule is established in actions of trespass for negligence that the opinions of witnesses that a place is dangerous is not admissible, where there is nothing in the situation that a description would not enable the jury

fully to understand: Siegler v. Mellinger, 203 Pa. 256, 259; Graham v. Penna. Co., 139 Pa. 149. Whether it applies in eminent domain proceedings, such as this, we are not required to decide in this case. The dangerous character of the grade crossing was so evident from the evidence—ninety trains passed over the crossing every day—and was so inherent in the proceeding to eliminate the grade crossing, that no harm would likely have resulted from the answer, if it had been responsive to the question; but the witness did not answer the question. His reply amounted to no more than a repetition of his testimony that the travel on Ridge Avenue past appellant's property had been very heavy, and that while the removal of the grade crossing had been, as he termed it, a 'potential public improvement,' it had seriously injured appellant's property. The question did appellant no possible harm.

The assignments of error are overruled and the judgment is affirmed.