Page et al., Exrs., Appellants, *v.* Pittsburgh.

Argued September 29, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*F. J. Lagorio,* with him *Lawrence B. Cook,* for appellants.

*Harry Diamond,* Assistant City Solicitor, with him *Chas. A. Waldschmidt,* City Solicitor, for appellee.

PER CURIAM, November 27, 1933:

Plaintiffs appeal from a judgment entered upon a verdict for defendant in an action of trespass to recover damages occasioned by the flooding of property owned by the estate of Hannah Butterweck, deceased. The house and lot of ground in question are located at the corner of East Carson Street and Beck's Run Road in the City of Pittsburgh. The statement of claim averred that the flooding resulted from the negligence of defendant city in permitting earth and débris to accumulate under a culvert crossing Beck's Run, so that the water of the run, which was used as an open sewer, was unable to follow its accustomed channel and was diverted upon plaintiffs' property. The jury returned a verdict for defendant.

The only question presented for our consideration is the admissibility of the testimony of W. McClurg Donley, an engineer, called by defendant, who gave his opinion, based upon his knowledge of the topography of the land in the vicinity and other relevant facts, that the clogging of the culvert was not the cause of the flooding

of plaintiffs' property and that, because of the unusual rainfall, the flow of water from Beck's Run would have been as great at plaintiffs' house whether the culvert was obstructed or not. Appellants contend that expert testimony is not admissible to contradict the evidence of eyewitnesses where the circumstances can be fully and adequately described to the jury and are such that their bearing on the issue can be estimated by all men without special knowledge or training, citing Graham v. Penna. Co., 139 Pa. 149, and kindred cases. The present case, however, does not fall within that principle. The difference in elevation between plaintiffs' property and the point of the alleged obstruction in the stream, the water-carrying capacity of the culvert and the run, and the physical conditions of the terrain in the locality were all matters which made the case one in which expert testimony on those matters was peculiarly appropriate for the consideration of the jury. In the circumstances it was not error to permit the engineer to give his opinion as to the result of the alleged clogging of the culvert.

In Updegrove v. P. & R. Ry. Co., 249 Pa. 69, an action for damages for the flooding of lands by changing the course of a river, an engineer was permitted to state his opinion as to what effect the construction of an embankment had upon the flooding of plaintiff's property. We there said, page 72: "It was a case manifestly calling for expert testimony, not as to the extent of the encroachment of the river bed, since that was a simple matter of fact to be proven as any other, but as to the natural and necessary result of such encroachment, assuming it to be as much as plaintiff claimed."

In Gurley v. San Antonio & A. P. Ry. Co., 58 Tex. Civ. App. 308, also an action to recover damages to plaintiff's land from an overflow of waters of a creek, resulting from the erection of an embankment by defendant, testimony of an expert engineer was admitted to the effect that plaintiff's land would have been affected by the waters in the manner complained of, regardless of

the construction of the railroad. See also City of Garrett v. Winterich, 44 Ind. App. 322, and Reinke v. Sanitary District of Chicago, 260 Ill. 380.

The judgment of the court below is affirmed at appellant's cost.