CAMPBELL, Appellant, vs. SPAETH and another, Respondents.

*September 12—December 5, 1933.*

For the appellant there was a brief by *C. E. Lovett* of Park Falls, attorney, and *W. K. Parkinson* of Phillips of counsel, and oral argument by *Mr. Parkinson*.

For the respondents there was a brief by *Sanborn, Lamoreux & Pray* of Ashland, and oral argument by *A. T. Pray*.

The following opinion was filed October 10, 1933:

NELSON, J. The facts are substantially undisputed. The plaintiff, a resident of Texas, came to Wisconsin in 1930 to visit her relatives residing in this state. Prior to the day of the accident the plaintiff had been visiting the defendants at Spooner. On August 3d a trip from Spooner to Washburn, where plaintiff's mother resided, was undertaken in an automobile belonging to defendant Mae Spaeth. The automobile was driven by defendant Irving W. Spaeth. The only other occupant of the car, in addition to the parties to this action, was Grace Spaeth, a daughter of the defendants. Before starting on the trip Mr. Spaeth looked the automobile over, examined the battery, saw that the air was right in the tires and that it was supplied with gas and oil. After a considerable distance had been covered and while the automobile was being driven along a surfaced country road at about thirty-five miles an hour, conceded to be a reasonable rate of speed, the left rear tire suddenly blew out, resulting in the complete loss of control of the automobile and its almost immediate overturning.

The plaintiff sought to recover damages from the defendants on the theory that the tire which blew out was, at the time of the commencement of the trip, in such a defective condition as to render its use on that trip unsafe and dangerous; that its defective condition was known to the defendants and unknown to the plaintiff, and that no

warning whatsoever as to its defective condition was given her by the defendants.

The evidence is undisputed that the center tread of the tire mentioned was worn smooth; that it had been punctured a number of times but had always been repaired by garage men; that at one time during the summer of 1930 the tire had gone flat at Superior as a result of a puncture; that thereafter, when taken to a garage for repair, a boot was installed in the tire upon the advice of the garage man; that four days prior to the accident the tire in question had sustained another puncture which was repaired at a Rice Lake garage; that the tire blew out at or near the place where the boot had been installed. There was, however, no evidence of any prior blowout of this tire or of any of the other tires, all of which were of the same age and had been subjected to substantially the same use and wear. There is no evidence that any garage man had ever expressed to the defendants or to the daughter of the defendants, who evidently drove the car considerably, the opinion that the tire in question, or any of the other tires, were liable to blow out, or that the tires, after being repaired, were dangerous or unsafe.

That the condition of the tire was unknown to the plaintiff and that she was in no manner warned of its condition was not controverted.

The trial court followed the law of the very recent case of *Waters v. Markham,* 204 Wis. 332, 235 N. W. 797, and submitted four questions to the jury.

The jury found that the tire which caused the accident was in a defective condition at the time the parties started out from Spooner; that defendants Spaeth knew that the tire was in a defective condition at that time; that defendants Spaeth, in the exercise of ordinary care, ought not to have realized that the use of the tire in its then condition subjected the plaintiff to an unreasonable risk of accident, and assessed plaintiff's damages.

Upon the coming in of the verdict the plaintiff moved (1) for judgment notwithstanding that the jury had found that the defendants ought not to have realized that the use of the tire in question subjected the plaintiff to an unreasonable risk of accident, (2) to change the answer to the question mentioned from "No" to "Yes" and for judgment on the verdict as so changed, and (3) in the alternative, in case her first two motions were denied, for a new trial based on certain errors assigned.

All of the plaintiff's motions were overruled and defendants' motion for judgment on the verdict as rendered granted.

The plaintiff assigns as error the following: (1) The refusal of the court to grant plaintiff's motion for judgment notwithstanding the verdict and contends that, since the jury found that the tire in question was defective and that the defendants knew of such defective condition, it necessarily follows as a matter of law that the defendants anticipated that injury to some person was likely to occur as a result of using such defective tire. Such contention ignores the rule of law stated in *Waters v. Markham, supra.* That case dealt specifically with a cause of action based upon the use of a tire asserted to be defective which blew out and caused the automobile to overturn. That case required us specifically to consider for the first time the question of the liability of a host to his guest, growing out of the use by him of a defective tire, of which defective condition the guest had no knowledge and no warning. The questions involved in that action were given painstaking consideration by the court and the rule adopted was carefully and considerately stated. It was there said (p. 339):

"It is our conclusion that an automobile host may be held liable for injuries to his guest, caused by a defective condition of his automobile, if he knew of such defect and realized, or should have realized, that it involved an unreasonable risk to his guest, and the defect was so concealed or

hidden as not to be reasonably obvious or patent to the guest, and the defect and the risk involved were in fact unknown to the guest, and the host failed to warn the guest as to the defective condition and the risk involved therein."

The rule of the *Waters Case,* after the lapse of two and one-half years, seems to us to be sound and justly and fairly to state the conditions upon which a guest may recover from his host for injuries resulting from a blowout of a defective tire.

The plaintiff earnestly contends that the use of the word "realized" in the fourth question submitted to the jury was not proper; that the word "anticipated" rather than "realized" should have been used. The use of the word "realized" was in compliance with the language of the *Waters Case.* That word was theretofore used by the court of appeals of New York in *Higgins v. Mason,* 255 N. Y. 104, 174 N. E. 77, and was also found in the Restatement of the Law of Torts, Tentative Draft No. 4, mentioned in the *Waters Case.* No reason is apparent to us at the present time why the rule of the *Waters Case* should be modified.

The plaintiff further contends that the court erred to the prejudice of the plaintiff in not specifically and fully instructing the jury that under our decisions a host owes to his guest the duty to exercise ordinary care not to increase the danger or dangers which the guest assumes on entering the car or to create a new one. We do not see how such an instruction would have assisted the jury in determining the ultimate facts properly inquired about in this action. It is also clear that the failure of the court to instruct the jury as to the duty of a host to his guest was not prejudicial to the plaintiff. A plaintiff guest cannot be prejudiced by a failure to give such an instruction.

A defendant host, however, may be prejudiced by a failure so to instruct, since he is ordinarily entitled to have the jury instructed as to the qualified care which it is his duty to exercise. We conclude that since the questions submitted to

the jury were proper and the instructions of the court correct, and since the judgment is the only one that could properly have been entered on the verdict as rendered, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on December 5, 1933.