## Delair *v.* McAdoo, Appellant.

Argued October 1, 1936. Before Kephart, C. J., Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*R. R. McWhinney,* for appellant.

*Robert H. Braun, Jr.,* of *Marshall, Braun & Notari,* for appellee.

Opinion by Mr. Chief Justice Kephart, November 23, 1936:

Plaintiff brought an action in trespass to recover for damages to his person and property sustained as a result of a collision between his automobile and that owned by the defendant. The accident occurred when defendant, proceeding in the same direction as plaintiff, sought to pass him. As defendant drew alongside of plaintiff the left rear tire of his car blew out, causing it

to swerve and come into contact with the plaintiff's car. The latter's theory at trial was that defendant was negligent in driving with defective tires. The jury found for plaintiff in the sum of $7,500. The court below granted defendant a new trial on the ground that the verdict was excessive, but refused his motion for a judgment n. o. v. Its ruling on the latter motion is here for review.

This case presents but another factual situation presenting in terms of realities the abstract legal principle that the owner of a motor vehicle must exercise such care with respect to it as not to subject others to unreasonable risk of injury from its operation. There are numerous precautions which an owner must take to make that instrumentality reasonably safe and appropriate for use on the public highways. If he chooses to entrust the operation of the vehicle to another, he cannot knowingly place it in the hands of an incompetent driver: *Thatcher v. Pierce,* 281 Pa. 16, 19. And, just as he must guard against the danger arising from the incompetency of the human element, so also must he preclude risks arising from a defective mechanism. In the Restatement, Torts, Section 307, it is stated: "It is negligence to use an instrumentality whether a human being or thing, which the actor knows or should know to be so incompetent, inappropriate or defective, that its use involves an unreasonable risk to others."

This court has held that it is negligence to drive an auto equipped with inadequate headlights *(Serfas v. Lehigh & New England R. R. Co.,* 270 Pa. 306, 308; see *McCann v. P. R. R. Co.,* 119 Pa. Superior Ct. 205, 208) or with inadequate brakes *(Scheer v. Melville,* 279 Pa. 401; *Trusty v. Patterson,* 299 Pa. 469). A car equipped with tires unfit to meet the strain of travel is likewise governed by the principles applied in these cases. In *Mike v. Lian,* 322 Pa. 353, it was decided that driving an auto with tires in a defective condition did not constitute wilful misconduct or wanton negligence (see also *Eu-*

*banks v. Kielsmeier,* 171 Wash. 484, 18 P. (2d) 48), but the problem as to whether the same defect might not amount to want of ordinary care is a novel one in this jurisdiction.

It is common experience that the blow-out of an automobile tire is a hazardous occurrence. A blow-out has a known tendency to cause the vehicle to swerve and become unmanageable, rendering possible injury to others due to the lack of control. See *Seligman v. Orth,* 205 Wis. 199, 236 N. W. 115, 117. In *Klein v. Beeten,* 169 Wis. 385, 172 N. W. 736, 737, the court stated: "It is familiar knowledge that the blow-out of the . . . tire of an automobile is a dangerous occurrence, the degree of danger depending upon the rate of speed, and, we apprehend, somewhat upon the character of the car." While blow-outs may result from untoward accidents for which no responsibility exists such as from spikes and other causes *(Kelley v. Gagnon,* 121 Neb. 113, 236 N. W. 160; *Cornwell v. O'Connor,* 134 Kans. 269, 5 P. (2d) 861; *Banta v. Moresi,* 9 La. App. 636, 119 So. 900), where they result from defects in the tire arising from age or wear, there seems little doubt that responsibility should attend the dereliction of the vehicle owner in using such equipment, if the faults would be disclosed on reasonable inspection.

There is always a duty of reasonable inspection. "Generally speaking, it is the duty of one operating a motor vehicle on the public highways to see that it is in reasonably good condition and properly equipped, so that it may be at all times controlled, and not become a source of danger to its occupants or to other travelers. To this end, the owner or operator of a motor vehicle must exercise reasonable care in the inspection of the machine and is chargeable with notice of everything that such inspection would disclose": Huddy, Automobile Law, Volume 3-4, p. 127 et seq. See also Restatement, Torts, section 300. Where such an examination is made and fails to disclose the defects, the owner is relieved

from responsibility: *Ormond v. Wisconsin Power & Light Co.,* 216 N. W. 489, 194 Wis. 305.

It has been held in other states that the question whether a particular person is negligent in failing to know that his tires are in too poor a condition for ordinary operation on the highways is a question of fact for the jury: *Campbell v. Spaeth,* 213 Wis. 162, 250 N. W. 394; *Ragsdale v. Love,* 50 Ga. App. 900, 178 S. E. 755, 756. In the instant case the testimony relative to the defect was as follows: A witness for the plaintiff stated that the tire "was worn pretty well through. You could see the tread in the tire—the inside lining." The witness later described this inside lining as the "fabric." The fact that the tire was worn through to and into the fabric over its entire area was corroborated by another witness. The repairman who replaced the tire which had blown out stated that he could see "the breaker strip" which is just under the fabric of a tire. This testimony was contradicted by the defendant.

On a motion for a judgment n. o. v. the testimony must be read in the light most favorable to the plaintiff. All conflicts in the testimony and all facts and inferences of fact pertaining to the issues involved which may be reasonably deduced from the evidence must be resolved in his favor: *Mountain v. American Window Glass Co.,* 263 Pa. 181, 183; *Mardo v. Valley Smokeless Coal Co.,* 279 Pa. 209, 211; *Muehlhof v. Reading Co.,* 309 Pa. 17, 19; *Snyder v. Penn Liberty Ref. Co.,* 302 Pa. 320, 323. It is apparent that a tire so worn that the fabric is exposed is not in a condition for safe driving, and that such a defect will support a finding by a jury of negligence. This conclusion is in accord with that of other jurisdictions which have been confronted with a similar problem: see *Ingerick v. Mess,* 63 Fed. (2nd) 233; *Waters v. Markham,* 204 Wis. 332, 235 N. W. 797. It cannot avail defendant to claim that an ordinary inspection would not have revealed the defect since it was apparent to all of

those making an inspection immediately after the accident.

The question was raised at bar whether plaintiff should not have had expert testimony to show that a tire in the condition testified to was dangerous. It would seem, however, that this is a matter as to which the ordinary man's experience is sufficient to enable him to make a sound judgment. In *Kent v. General Chemical Co.*, 285 Pa. 34, 37, this court stated: "Where facts from which causal connection may be found have been testified to with sufficient clearness and definiteness that a layman in the ordinary affairs of life could infer the cause from the effect, expert evidence is not necessary. If the testimony of experts were to be required in every case, many meritorious ones would fail; it would place an undue burden on poor litigants." See also *Procz v. Am. Steel & Wire Co. of N. J.*, 318 Pa. 395; *Burkhardt v. Am. Steel & Wire Co.*, 74 Pa. Superior Ct. 437; *Bliss v. Anaconda Copper Mining Co.*, 167 Fed. 342. It is an elementary rule that where a court and jury can make their own deductions they must not be made by others. In the leading case on this subject in this State, cited ofttimes with approval, Justice MITCHELL stated: "Whenever the circumstances can be fully and adequately described to the jury, and are such that their bearing on the issue can be estimated by all men, without special knowledge or training, opinions of witnesses, expert or other, are not admissible": *Graham v. Penna. Co.*, 139 Pa. 149, 159.

Opinion evidence is to be rejected when the factual evidence in the case sufficiently informs the jury on the subject in issue so that they, as men of ordinary intelligence, may determine that question, or, conversely, opinion evidence is only admitted when the jury is incompetent to infer from the facts related to them or without the aid of one more skilled in the subject, the likelihood of an accident occurring from the facts proven or that a given effect will follow a given cause. See *Dooner v. Delaware*

& *Hudson Canal Co.,* 164 Pa. 17, 33; *Chambers v. Mesta Machine Co.,* 251 Pa. 618; *Ginsberg v. City of Phila.,* 98 Pa. Superior Ct. 131, 133; *Auberle v. McKeesport,* 179 Pa. 321; *Siegler v. Mellinger,* 203 Pa. 256; *Closser v. Washington Township,* 11 Pa. Superior Ct. 112; 4 *Wigmore on Evidence* (2nd ed.), Sec. 1917, etc.; cf. *Page v. Pittsburgh,* 313 Pa. 211; *Cookson v. Ry. Co.,* 179 Pa. 184.

A jury is just as well qualified to pass judgment as to the risk of danger in the condition of an article in universal use under a given state of facts as experts. We have in this state more than a million automobiles and trucks, approximately two for every three families. Their daily use over the highways is common, and requires a certain amount of knowledge of the movable parts, particularly the tires; it is imperative that a duty or standard of care be set up that will be productive of safety for other users of the highways. Any ordinary individual, whether a car owner or not, knows that when a tire is worn through to the fabric, its further use is dangerous and it should be removed. When worn through several plys, it is very dangerous for further use. All drivers must be held to a knowledge of these facts. An owner or operator cannot escape simply because he says he does not know. He must know. The hazard is too great to permit cars in this condition to be on the highway. It does not require opinion evidence to demonstrate that a trigger pulled on a loaded gun makes the gun a dangerous instrument when pointed at an individual, nor could one escape liability by saying he did not know it was dangerous. The use of a tire worn through to the fabric presents a similar situation. The rule must be rigid if millions are to drive these instrumentalities which in a fraction of a second may become instruments of destruction to life and property. There is no series of accidents more destructive or more terrifying in the use of automobiles than those which come from "blow-outs." The law re-

quires drivers and owners of motor vehicles to know the condition of those parts which are likely to become dangerous where the flaws or faults would be disclosed by a reasonable inspection. It will assume they do know of the dangers ascertainable by such examination.

Order affirmed.