## Soha v. Spaulding Bakeries, Appellant.

206

Argued October 21, 1936.

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Algernon R. Clapp,* for appellant.

*Henry Thomas Dolan,* with him *Robert C. Duffy,* for appellee.

OPINION BY JAMES, J., December 11, 1936:

A motor truck driven by defendant's employee collided with the rear end of a milk wagon driven by plaintiff resulting in injuries, for which he instituted his action of trespass. The jury rendered a verdict for plaintiff, upon which judgment was entered, the court below overruling defendant's motions for a new trial and judgment n. o. v.

Although the assignments of error cover both the refusal of the court to grant a new trial or judgment n. o. v., appellant's statement of the question involved and its argument are confined to the failure of the court to enter judgment n. o. v. The sole evidence, upon which plaintiff relied to prove negligence, is found in the testimony of the appellant's driver, called by the plaintiff, which is as follows: "...... A. That very morning I happened to notice the wagon when I was pretty close to him and in endeavoring to take my foot off the accelerator— Q. Which wagon do you mean? A. The milk wagon that was in front of me and my sole of my shoe happened to be tore to such an extent that the bottom part happened to catch in the accelerator, between the foot brake, the part extending out, and the accelerator, that made me unable to raise my foot although I tried vainly and the accident occurred before I could do anything. Q. What part of the milk wagon did your truck strike? A. Directly in the back. Q. The front of your truck struck the rear end of the milk wagon? A. Yes, sir."

Where two individuals are driving vehicles in the same direction on a city street, it is the duty of the driver or operator of the vehicle in the rear to so regulate the speed of his vehicle as to prevent a rear end collision: *Lelar v. Quaker City Cabs et al.,* 108 Pa.

Superior Ct. 15, 164 A. 105. But drivers are not held to be liable where their only proven fault is inability to avoid a collision under circumstances which are unusual and not likely to be anticipated: *Ferrell v. Solski,* 278 Pa. 565, 123 A. 493. As this record is presented to us, the sole cause of the accident was the catching of the torn part of the driver's shoe with the accelerator. Whether the driver's shoe was torn prior to the accident or how it was torn or to what extent it was torn, the record does not disclose. Surely, if the shoe was accidentally torn while applying the accelerator, no negligence would be established: *Simpson v. Jones,* 284 Pa. 596, 131 A. 541. We are satisfied the evidence, as submitted by plaintiff, is not sufficient to support the allegation of negligence; however, we are convinced that the interests of justice would be best served by directing that the judgment be reversed and a new trial granted when the facts may be more fully developed. See *Furer v. May, Jr.,* 115 Pa. Superior Ct. 28, 174 A. 630.

Judgment reversed with a venire facias de novo.