**BOOTH et al. v. PIONEER YELLOW CAB CO. et al.**

No. 1476.

District Court, E. D. Pennsylvania.

July 29, 1942.

Benjamin R. Simons (of Syme & Simons) and Maurice Abrams, both of Philadelphia, for plaintiffs.

Philip Sterling and Elias Magil, both of Philadelphia, for defendant Pioneer Yellow Cab Co.

BARD, District Judge.

This matter is before me on motions of the defendant Pioneer Yellow Cab Company for a new trial or for judgment in its favor in accordance with a motion made by it for a directed verdict.

The action was brought to recover damages for personal injuries alleged to have been sustained by Ruth Booth, the wife-plaintiff, and her son, Rudolph Booth, as a result of the negligence of the defendants. The matter was tried before a jury and a motion to dismiss the action as to the defendant Rickenbach was granted on the ground that there was no evidence of any negligence on his part.

The case was submitted to the jury with respect to the negligence of the defendant Pioneer Yellow Cab Company, hereinafter referred to as the defendant, and it rendered a verdict in favor of the wife-plaintiff and her husband in the amount of $3,085 on her claim and a verdict for defendant as to the claim of the son Rudolph. For present purposes the significant facts shown by the evidence are as follows: Plaintiff Ruth Booth and her two children engaged a taxicab of the defendant in the City of Reading. While they were passengers in this taxicab it struck the rear of an automobile operated by Rickenbach as the latter was moving into a slanting parking position on a one-way street in downtown Reading. It is conceded that the accident occurred when defendant's driver applied his brakes but they completely failed to

hold. Defendant's driver testified that the brakes had operated properly shortly before the accident. Defendant offered testimony tending to prove that the brakes had been recently inspected with all due care and that the reason why they failed to hold was because of a sudden rupture in the hydraulic brake hose, which occurrence was of a nature which could not have been anticipated by reasonable inspection.

Defendant has filed a number of reasons in support of its motion for a new trial, the principal ones of which are directed to the question of the competency of the medical testimony offered by the plaintiffs and the rulings of the court on the issue of negligence. Defendant's challenge of the competency of the plaintiffs' medical testimony was on the ground of the remoteness, from the time of the injury, of the examination of the plaintiff, Ruth Booth, which was made by the medical witnesses and on the ground of the failure of these witnesses to testify that the injuries resulted from the accident—this latter ground not having been relied upon at the trial. In view of the conclusions which I have reached on the question of negligence, it is unnecessary to rule on these points.

█ On the question of negligence in this case, I refused defendant's first point for charge, which read as follows: "1. If you find that defendant Pioneer Yellow Cab Company's driver was operating at a reasonable rate of speed, that the accident occurred only because of the hydraulic brake line rupture and that reasonable inspection and maintenance of the cab would not reveal that the brake line was about to rupture, you will return a verdict for defendant Pioneer Yellow Cab Company."

I likewise excluded testimony offered on behalf of the defendant which tended to show that the condition of the hydraulic brake hose was such that the defendant in the exercise of reasonable care, need not have anticipated a rupture therein. In these respects I have concluded that I was in error.

█ While there is no doubt that a common carrier owes a high degree of care to the public to maintain its facilities and equipment in safe working order, it is not an insurer and cannot be held liable for damages in the absence of negligence, and I so charged the jury. But defendant did produce evidence which, if believed by the jury would have justified it in finding that the sole cause of the accident was a sudden rupture in the hydraulic brake line and that reasonable care in inspecting this brake line would not have revealed the likelihood of such a rupture occurring. Defendant was entitled to have this issue submitted to a jury. Delair v. McAdoo, 324 Pa. 392, 188 A. 181; Soha v. Spaulding Bakeries, 124 Pa.Super. 205, 188 A. 381. The defendant may have been prejudiced by my failure to charge the jury in accordance with defendant's first point. I therefore grant a new trial.

█ Since there was ample evidence of the defendant's negligence to go to the jury, I deny defendant's motion for judgment in its favor.

## THE S. S. ETNA.
### No. 1 of 1941.

District Court, E. D. Pennsylvania.
July 27, 1942.

