JULIETTE BUNKER *vs.* INHABITANTS OF GOULDSBORO.

Hancock.     Opinion January 8, 1889.

*Defective Highway. Notice. Surveyor. Holding over. Appointment. R. S., c. 3, §§ 12, 14. Due care. Evidence. Instructions.*

In an action against a town to recover damages by reason of a defective highway, upon the issue of the plaintiff's due care, evidence that another person thought that under the same circumstances he would have avoided the accident, is immaterial.

Where a town omits to choose highway surveyors at its annual March meeting and fails to appoint its municipal officers to be such surveyors, those then in office hold over until the first day of May following under the provisions of R. S., c. 3, § 14.

An appointment of highway surveyors, by municipal officers, cannot take effect until the first day of May following the annual meeting, and such appointee cannot legally act or bind the town by notice of a defect in the highway, before that time.

A requested instruction to the jury, although embodying an undisputed
principle of law was correctly refused, where the court, in its charge, had
clearly and intelligibly given them the rule by which they ought to be
governed. A judge is not bound to restate or elaborate a principle or rule
once correctly stated.

The court will so decide when it appears that a requested instruction could
not aid the jury in determining the issue, or when in effect, it asks for a
nonsuit.

ON MOTION AND EXCEPTIONS.

This was an action to recover damages for personal injuries to
the plaintiff by reason of a defect in a highway in the town of
Gouldsboro, on the first day of June, 1886. The verdict was for
plaintiff.

During the trial, one Whitaker, a witness for the plaintiff, was
asked this question on cross-examination: "Taking the circum-
stances as they were, I ask you if you had been driving the horse
if you think the accident would have happened?" The question
was excluded by the court.

It appeared from the town records of Gouldsboro, put in by
the plaintiff, that Samuel G. Wood living near the scene of the
accident was elected and sworn as road surveyor at the annual
town meeting in March, 1885. It also appeared from the records
aforesaid that at the annual meeting in March, 1886, no road
surveyors were chosen by the town and that the selectmen were
instructed to appoint road surveyors. The presiding justice
ruled that Samuel G. Wood held over as road surveyor until
midnight of April 30th, 1886, and that actual notice to him at
least twenty-four hours before that time was sufficient statute
notice.

The defendant having proved the execution and delivery in
April, 1886, to F. G. Tracy of a written appointment as commis-
sioner of highways, for the purpose of showing that he was sur-
veyor of the locality including the place of accident, offered the
appointment, in evidence, but it was excluded by the court.

The court was requested by defendant's counsel to give the
jury the following instructions:

1. Such a state of repair in a road as would free a town from
exposure to indictment and conviction, would protect them also

against a claim of damages for an injury sustained by an individual while travelling on the same.

2.   The evidence in the case to prove the twenty-four hours actual notice of the defect to a town officer (as required) is insufficient to prove such notice.

3.   The town cannot be liable unless the object of fright presents an appearance that would be likely to frighten ordinary horses, nor unless the appearance of the object is such that it should reasonably be expected by the town that it naturally might have that effect, nor unless the horse was at least an ordinary kind, gentle and safe animal, and well broken for travelling upon our public roads.

*Hale and Hamlin, Deasy and Higgins* with them, for defendants.

Whitaker, on cross-examination should have been required to testify fully to any facts tending to show whether or not the plaintiff was in the exercise of due care.   How others would have acted under the same circumstances shows what an ordinarily prudent person would do.   The question was proper to test the judgment of a hostile witness.

Wood's term of office expired at the March meeting, 1886. R. S., c. 3, § 12, provides that "annual town meetings shall be held in March and the voters shall then choose by a major vote a clerk * * * and other usual town officers, &c."   This statute fixes the duration of an office from one annual meeting to the next.

It is not intended that surveyors shall hold over.   This appears from the fact that the legislature has made special provision in the case of officers in cities and private corporations, and none for such town officers.   *Beck* v. *Hanscom*, 29 N. H. 213; *Tuley* v. *State*, 1 Ind. 500.   When appointed under § 14 their term begins the first day of May and ends on the last day of the following April.   Section 14 has no application to officers elected at the annual meeting.   In terms it relates only to surveyors appointed. Dill. Mun. Corp. §§ 217 to 221.

It was pertinent to show that Tracy was appointed and acted as surveyor *de facto* in April during the time plaintiff claims Wood was surveyor and had notice of the defect.   His oath, and record of same, with appointment are directory only.   *Stebbins* v.

*Merritt,* 10 Cush. 31, 32; *Bank of U. S.* v. *Dandridge,* 12 Wheat. 64, 87, 88. Notice of defect to Wood was not sufficient; he was not acting as surveyor, when another had been appointed and was surveyor *de facto.* The jury must have found notice to Wood during the period Tracy acted.

The first requested instruction should have been given. It is exactly that given in *Merrill* v. *Hampden,* 26 Maine, 234; *Davis* v. *Bangor,* 42 Maine, 522, 529; *Howard* v. *Bridgewater,* 16 Pick. 189. The third is the exact law as given in *Card* v. *Ellsworth,* 65 Maine, 547; *Nichols* v. *Athens,* 66 Maine, 402. The testimony together with the allegation in the declaration that the horse "became frightened" at the defect render the requested instruction applicable.

The plaintiff must prove positively the twenty-four hours' notice required by statute. This she has not done. *Smyth* v. *Bangor,* 72 Maine, 249.

*Wiswell and King,* for plaintiff.

Counsel cited *Branch* v. *Libbey,* 78 Maine, 321, to the ruling excluding the question to Whitaker on his cross-examination.

R. S., c. 3, § 14, does not apply to surveyors appointed only, but fixes generally the term of office of all highway surveyors. The statute does not say that the term of office of surveyors thus appointed shall commence, etc., but it provides a way in which they may be appointed, and fixes the term of office of such officers however appointed.

Independently of any statute provision, unless the term of office is expressly limited, town officers chosen annually hold over until their successors are chosen and qualified. Dill. Mun. Corp. §§ 219, 220. *Overseers, &c.* v. *Sears,* 22 Pick. 122; *McCall* v. *Byram Mfg. Co.,* 6 Conn. 428; *Cordill* v. *Frizzell,* 1 Nev. 130; *People* v. *Fairbury,* 51 Ills. 149; *Cong. Soc.* v. *Sperry,* 10 Conn. 200; *State* v. *Fagan,* 42 Ib. 32; *Stewart* v. *State,* 4 Ind. 396.

Such is the law in the case of business corporations. *Meadow Dam Co.* v. *Gray,* 30 Maine, 547.

Boone's Law Corp. § 136, and cases cited.

The ruling may be sustained on either of two grounds: first, the office of highway surveyor, however appointed, commences on

the first day of May and ends upon the last day of the following April; second, a surveyor elected, his office terminating at the next annual meeting, holds over until the term of his successor commences.

Tracy's appointment as surveyor April 19, 1886, was inadmissible, because immaterial, and because the appointment and oath were, by statute, required to be recorded, thereby making the record the best evidence. *Moor* v. *Newfield*, 4 Greenl. 44; *City of Lowell* v. *Wheelock*, 11 Cush. 391; *Harris* v. *Whitcomb*, 4 Gray, 433; *Morrison* v. *Lawrence*, 98 Mass. 219.

The judge having given to the jury, in his charge, the law upon the question of defect fully and correctly, the exception to the first requested instruction, should not be sustained even if the requested instruction was correct. *Roberts* v. *Plaisted*, 63 Maine, 335; *Hovey* v. *Hobson*, 55 Ib. 256.

Upon the second requested instruction counsel cited *Boody* v. *Goddard*, 57 Maine, 602.

Upon the third requested instruction counsel argued that the first part was not applicable to the facts of this case; and the second part had been fully and correctly given and as favorably as the defendants were entitled. They cannot object now that the evidence did not correspond with the allegation, because that objection should have been taken when the evidence was offered, so that an amendment to the declaration might have been made, if necessary.

EMERY, J. This was a statute action to recover for personal injuries, alleged to have been caused by a defect in one of the defendant town's roads. The alleged defect was a hole or depression in the edge of the travelled part of the road. The accident occurred June 1, 1886. The plaintiff claimed that the hole existed, and was known to one Samuel G. Wood, at least twenty-four hours before May 1, 1886. The plaintiff also claimed that Wood was a surveyor of highways during April and to May 1, 1886, and in lawful charge of the district including the hole. No other town officer was shown to have had twenty-four hours actual notice of the hole, and if Wood was not a legal highway surveyor as above stated, the plaintiff concedes she has not proved notice,

and cannot recover. As to the effect of the hole, the plaintiff's evidence tended to show, that as she was turning a little to the right to pass a team, her horse came to the hole, and sheered in to the left, to avoid stepping into it, and thus brought her wagon in collision with the other team, throwing her out into the road. It did not appear that the horse was frightened by the appearance of the hole.

The verdict of the jury was for the plaintiff, and the case is now before the law court on a motion and various exceptions by the defendants. We will first consider the exceptions—

1. After Whitaker, a witness called by the plaintiff, had testified about the location, size and shape of the hole, the defendants asked him in cross-examination this question: "Taking the circumstances as they were, I ask you, if you had been driving the horse, if you think the accident would have happened?" The question was excluded.

It was said by this court in *Branch* v. *Libbey*, 78 Maine, 321, that, in these actions, evidence is not admissible to prove that a person, other than a party to the action, has either passed safely over the alleged defect, or has received an injury from it. If it be immaterial whether another person, in fact, met with an accident at the place, it must be immaterial whether another person thinks he would have met with one, even under the same circumstances. The exclusion of Whitaker's opinion as to what might have happened to him, did not exclude any fact material to the defense.

2. A material question of law at the trial, was whether Samuel G. Wood was a surveyor of highways in the defendant town as late as April 30th, 1886. He had been elected, and had qualified as a surveyor of highways, at the annual town meeting in March, 1885, the year previous. His district included the place of the accident. At the next annual town meeting in March, 1886, the town did not choose any highway surveyors, nor did they appoint the selectmen such surveyors, but voted "that the selectmen be authorized to appoint one or more highway surveyors."

No surveyors having been chosen or appointed by the town for the municipal year 1886–7, the only mode of obtaining such sur-

veyors was for the municipal officers to appoint them under R. S., c. 3, § 14, which provides that where towns at their annual meetings do not choose surveyors of highways nor appoint the municipal officers such surveyors, "the said municipal officers shall appoint surveyors of highways, whose term of office shall commence on the first day of May, and end on the last day of the following April." No appointment in this case could have been made to take effect earlier than May first, hence from the March town meeting in 1886, to May first following, there were no highway surveyors in Gouldsboro, unless those of 1885–6, including Wood, held over during that time, to May first. If they did not so hold over, then the roads in Gouldsboro, were without authoritative supervision or care during the month of April at least, in which month in this state, roads are most liable to sudden injuries, and dangerous defects.

The language of the statutes may show an intention to precisely fix and limit the tenure of a municipal officer, so that on a fixed day, his authority will cease, even if an entire vacancy and absence of authority be the result. Unless such an intention appears, however, the better opinion is, that the officer should continue to exercise his functions until another person is qualified to assume them. As the natural law is said to abhor a vacuum in physics, the municipal law may be said to dislike a vacancy in authority. Dillon on Mun. Corp. § 220. *Bath* v. *Reed*, 78 Maine, 276, 280.

While the statute directs that the "other usual town officers" (in which class surveyors of highways are included), shall be chosen at the annual town meeting in March, it does not say that the term of office shall be one year from that meeting, nor one year from date of election, or appointment. On the other hand it provides that in case the town does not appoint highway surveyors the selectmen may, and that the term of the appointees shall not commence till May first following. In fixing May first for the beginning of the term, the legislature must have intended that the old officers should continue in authority until then. The judge, in accordance with these views, ruled upon the evidence that Wood continued in his office of surveyor of highways until May 1, 1886. The ruling was correct.

3. Wood testified that he did not assume to act as highway surveyor after the annual meeting of March, 1886. The defendants claimed that one Tracy was appointed highway surveyor for that district by the municipal officers, April 19th, and that under that appointment he acted as surveyor from and after April 19th. They offered in evidence, in support of this claim, the original letter of appointment, dated April 19, 1886. It was excluded by the judge as immaterial in this case.

The claim, if fully established, could not avail anything for the defendants. No matter when he was appointed, Tracy could not be the legal surveyor till May first. A notice to the legal surveyor would bind the town, no matter who acted as surveyor. It was entirely immaterial in this case who was surveyor after May first, as the plaintiff conceded that if this defect did not exist, or was not known to the legal surveyor at least twenty-four hours before May first, she could not recover.

4. The judge in the charge correctly stated the principles determining whether the road was safe and convenient, or defective and out of repair. The defendants upon this issue, asked for the following further instructions: "Such a state of repair in a road as would free a town from exposure to indictment and conviction, would protect them also against a claim for damages for an injury sustained by an individual while traveling on the same." The language of the request perhaps states an undeniable proposition, but it could not have aided the jury in determining the question before them. It shed no light upon the issue, and the defendant's case was not darkened by withholding it.

5. The defendants requested a ruling that the evidence did not prove twenty-four hours' actual notice of the defect, to Wood as claimed by plaintiff. This was in effect, asking for a nonsuit. The refusal of such a request is never exceptionable. The remedy is by a motion for a new trial.

6. The judge instructed the jury, that the plaintiff must convince them that her horse was ordinarily kind, safe, and broken to travel, and, at the request of the defendants, gave this further instruction. "If at the time of the accident, the hole was of such a character as to be safe for a horse to travel over, or

carriage wheels to pass over in traveling, without any danger, the fact that the horse was frightened at its appearance, would not render the defendants liable for any injury occurring on that ground." The defendants then requested the following further instruction: "The town cannot be liable unless the object of fright presents an appearance that would be likely to frighten ordinary horses, nor unless the appearance of the object is such that it should reasonably be expected by the town, that it naturally might have that effect, nor unless the horse was at least an ordinarily kind, gentle and safe animal, and well broken for traveling on our public roads."

The pith of this request was sufficiently stated in the instructions given. A judge is not bound to restate or elaborate a principle or rule once correctly stated. Elaboration and illustration are discretionary.

The Motion: We have considered and discussed the evidence and the instructions, to ascertain whether the verdict should be set aside as against the evidence. The judge strongly stated the propositions to be established by the plaintiff, and we find some evidence in support of each. Although we might differ from the jury on some of the issues, the evidence does not produce a conviction that the jury were unquestionably wrong. The defendant's main contention was that the evidence did not prove twenty-four hours' actual notice of the defect, to Wood prior to May first.

Two witnesses testified that the hole was visible on the edge of the travelled part of the road, from the middle to the last of April. It appeared that Wood during that time, and up to May first passed over the road, by and near the hole, several times daily. He had been, and was highway surveyor, in charge of that district. There is some presumption that he was on the lookout for defects. He himself said that he probably saw the hole as soon as it appeared, while he denies that it appeared before May first. This evidence might induce a belief that Wood knew of the hole, twenty-four hours before May first.

*Motions and exceptions overruled.*

PETERS, C. J., DANFORTH, LIBBEY, FOSTER and HASKELL, JJ., concurred.