ROBERT M. GLAZER *vs.* BARNEY GROB.

BESSIE GLAZER *vs.* SAME.

GEORGE B. CHANDLER *vs.* SAME.

MORRIS GLAZER *vs.* SAME.

Kennebec.     Opinion, January 28, 1939.

*Berman & Berman* (Lewiston, Maine), for plaintiffs.
*Locke, Campbell & Reid*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.    There are involved here four actions which were tried together. Robert Glazer, Bessie Glazer and George Chandler, gratuitous passengers in an automobile owned and driven by the defendant, sue to recover for personal injuries received when the car left the road on the Newburyport Turnpike in Massachusetts. Morris Glazer, the husband of Bessie, seeks to recover for loss of her consortium and for medical and other incidental expenses incurred in caring for her. The cases were tried under the Massachusetts rule which makes it incumbent on a passenger under such circumstances as these to prove gross negligence on the part of the defendant if a recovery is to be had; and it is conceded that such rule is applicable here.

There are a number of counts, to one of which specifications were asked for by the defendant. The allegations include excessive speed; excessive speed with a too sudden application of the brakes; unsafe, improper and worn tires, coupled with excessive speed and sudden stopping; excessive speed and lack of attention to his duties on the part of the defendant; worn tires, excessive speed resulting in a blowout of the left rear tire.

The trial resulted in verdicts for the defendant and the cases are now before this Court on the plaintiffs' general motions for a new trial and on exceptions to the refusal of the presiding Justice to give certain requested instructions.

## THE MOTIONS

On July 6, 1937 the defendant was driving a 1935 four-door Chevrolet sedan easterly on the Newburyport Turnpike, a cement highway thirty feet in width. At the place of the accident the road is straight and runs through open country. The plaintiff, Chand-

ler, was seated in front with the defendant; the plaintiffs, Robert M. Glazer and Bessie Glazer, were on the rear seat. It is admitted that the left rear tire blew out and that the car left the highway and struck a pole standing on the easterly side about eight feet from the edge of the cement.

On the vital questions as to the speed of the car, whether or not it was pursuing a straight course, whether the defendant was paying proper attention to the operation of it, and whether or not the brakes were properly applied, the evidence is conflicting.

The plaintiffs offered evidence that there were tire marks on the cement for approximately two hundred feet. Chandler, Robert Glazer and Bessie Glazer testify that the car was travelling sixty miles an hour or faster, that the defendant had been asked to drive more slowly, that at the time of the accident the defendant had turned his head to speak to those on the back seat and that as he did so the automobile swerved to the right.

He denies that he was travelling over fifty miles an hour, that there were any protests from the other occupants of the car, or that he had turned his head to speak to those on the rear seat. His testimony is to the effect that the accident was caused by the unexpected blowing out of the left rear tire and that after that mishap he did his best to keep the car on the road.

It is common knowledge that defective tires are a frequent cause of automobile accidents. But the mere fact that a tire has been driven some distance and blows out does not without more render the owner or operator of the automobile liable. The unsafe condition of the tire must be established and that its condition was known to the owner or operator or could have been discovered by the exercise of reasonable care. *Delair* v. *McAdoo*, 324 Pa., 392, 188 A., 181.

The plaintiffs offered evidence that the defendant had had trouble with his tires and that some of them at least were not in good condition. On the other hand the defendant testified that he had had a punctured tire shortly before the accident but that the condition of the tires was good. In this he is corroborated by a Massachusetts highway police officer who examined the car after the accident.

There is evidence in the case of a statement made by the plaintiff,

Chandler, in the hospital as to the cause of the accident which is quite inconsistent with his testimony on this point at the trial.

The determination of the cause of the accident and whether or not the defendant was guilty of gross negligence as that phrase has been defined by the Massachusetts courts was, on the conflicting testimony offered at the trial, a question for the jury. Certainly it can not be said that as a matter of law the defendant is liable.

## THE EXCEPTIONS

The presiding Justice read to the jury from the opinion in the case of *Altman* v. *Aronson*, 231 Mass., 588, 121 N. E., 505, which points out the distinction between negligence and gross negligence and then defines gross negligence in general terms. No exception was taken to the charge as given and the plaintiffs concede that it is correct. They asked, however, that certain additional instructions should be given. The three requested read as follows:

"1. Gross negligence may consist in the defendant being impatient of reasonable restraint and persistence in a palpably negligent course of conduct over an appreciable period of time culminating in the accident.

"2. 'Deliberate' inattention to the operation of an automobile is one of the more common elements of gross negligence.

"3. To drive a motor vehicle upon the public ways of the Commonwealth of Massachusetts at a speed which would endanger the life or safety of its occupants, might be found to be gross negligence, even in the absence of other unfavorable conditions."

To the refusal to give these instructions, exceptions were taken.

It is the rule that if the jury is instructed properly on a certain principle, any amplification or application of it is a matter in the control of the presiding Justice. *State* v. *Smith*, 65 Me., 257, 269; *Bunker* v. *Gouldsboro*, 81 Me., 188, 196, 16 A., 543. Certainly there was here no abuse of such discretion. On the contrary the present case indicates the wisdom of confiding such power to the judge who sits at the trial; for the different counts in the several declarations set forth a number of different acts and omissions

which it is claimed constitute negligence. There being evidence touching these, the presiding Justice may well have thought that to give the requested instructions would have unduly emphasized some particular state of facts. His judgment on that point is not reviewable here.

*Motions overruled.*
*Exceptions overruled.*