# FRANK D. LUND, BY HIS MOTHER AND NATURAL GUARDIAN, ANNABELLE LUND, AND ANOTHER v. THOMAS F. CONNOLLY.

145 N. W. (2d) 422.

September 30, 1966—No. 40,159.

*James G. Paulos,* for appellant.
*Jerome E. Kline,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for injuries sustained by plaintiff Frank D. Lund as a passenger in an automobile involved in an accident which occurred on

September 27, 1962, on Highway No. 64 near Amery, Wisconsin. Recovery is sought against Thomas F. Connolly, owner of the automobile, which at the time of the accident was being driven by his son, John, who met death therein. At the close of the evidence, in the absence of motions for directed verdict, the court charged the jury that plaintiff was free from contributory negligence and left for its determination the issue relative to the driver's negligence. Following the instructions counsel for both parties manifested their satisfaction with the submission of the issue as above described. The jury returned a verdict in favor of defendant.

Subsequently plaintiffs moved for judgment notwithstanding the verdict or for a new trial on the grounds that they had sustained their burden of proof by "overwhelming" evidence of the defendant's negligence and that the jury had "disregarded all the evidence and the applicable law * * * and rendered their decision under the influence of sympathy, passion, or prejudice." On appeal plaintiffs assert that, as a matter of law, the evidence compels a finding that plaintiff's injuries were the proximate result of the negligence of John Connolly.

The facts are as follows: In the early morning of September 27, 1962, plaintiff, then 18, and John Connolly, then 20 years of age, were returning to White Bear Lake, Minnesota, from Amery, Wisconsin, in defendant's automobile. They were accompanied by their friends Patrick Buhl and Fred Seibert. Plaintiff was seated in the front seat next to the driver, while the other two passengers occupied the rear seat. The automobile had been purchased by defendant about 7 or 8 weeks prior to this time. Defendant testified that at the time of its purchase and at intervals since he had had it inspected carefully and had noted particularly that the tires were in good condition without any cuts or bruises on them.

The manner in which the accident happened must be gained from the testimony of plaintiff and Patrick Buhl. Fred Seibert was absent in the armed services and did not testify. Plaintiff's testimony was to the effect that as they proceeded westerly on Highway No. 64 the driver's speed immediately before the accident was approximately 40 miles per hour; that as the driver turned toward the rear seat to talk to the pas-

sengers there the right front wheel of the car left the blacktopped part of the highway and turned slightly onto the shoulder; that the plaintiff noticed at that time that the right rear tire went flat and that the car then "fishtailed" for some distance. It finally came to rest in an upright position in the left ditch. The driver and plaintiff were thrown from the vehicle, the former being killed and the latter injured.

With reference to whether the tire went flat immediately before or immediately after the car left the blacktop, plaintiff's testimony was to the effect that he "noticed that the right *front* wheel kind of hit the edge of the road a little bit, and he [the driver] grabbed the wheel and turned to the left too sharp, or something, but the back tire had blown out * * *." (Italics supplied.) He testified further that he had not heard the tire blow out but got that sensation; that the right side of the car then went over onto the shoulder about 2 inches and hit the gravel; that the driver then tried to regain control of it but that it started to "fishtail" and he and the driver were thrown out. He was asked:

"Q.   Do you know if the blowout occurred prior to the car getting on to the shoulder or road or at the same time or after?

"A.   It was at the same time the car had hit the shoulder of the road."

He testified further that the shoulder and the blacktop were of the same level and that there was no dropoff at the edge of the blacktop, although the shoulder was soft.

Patrick Buhl on cross-examination admitted that shortly after the accident he had made a statement describing how it had happened and had then said "that John was driving along at 45 or 50 miles an hour and that the right rear tire blew out and that he lost control of the car." He also testified:

"Q.   And it was after the tire blew out that John lost control of the car, and the car fishtailed down the road and went off to the left?

"A.   That is after the tire blew out, yes."

In submitting the case the court instructed the jury as follows:

"The plaintiff claims that the blowout of the tire occurred after John Connolly went off the surface of the main highway. The defendant

claims that the blowout of the tire took place before the defendant went off the highway and was the cause of going off the highway, and plaintiff * * * claims that defendant's speed was the fact that the car went off the road into gravel as well as his failure to keep a proper lookout, and in the manner in which he was driving and talking to somebody in the back seat.

"What caused the car to go off the highway is a fact question for the jury to determine, and it is an important fact in the case.

"If you find from all of the evidence that this was an unavoidable accident, under all the circumstances disclosed, then of course the defendant would not be guilty of actionable negligence, and your verdict would be for the defendant.

"An unavoidable accident is defined as an unintentional occurrence which could not have been prevented by the exercise of reasonable care, and reasonable care is as I have defined it heretofore, that care which a reasonably prudent person would have exercised under the same or like circumstances."

Both counsel then expressed their accord with the instructions.

We are of the opinion that under the facts and procedure described the issue relative to the negligence of John Connolly was properly submitted to the jury. In Otto v. Sellnow, 233 Minn. 215, 225, 46 N. W. (2d) 641, 646, 24 A. L. R. (2d) 152, where shortly before an accident the owner of the automobile involved had had its tires examined and had found that they were in good condition with little evidence of wear, we held that the sudden blowout of one of the tires was the efficient cause of the accident which accordingly was unavoidable, saying:

"Unfortunate as this accident was for all parties concerned, we are compelled to the conclusion that the sudden blowout of the rear left tire was an intervening and efficient cause of the accident which appears to have been unavoidable under the circumstances.

"In Prosser, Torts, § 29, an unavoidable accident is defined as an unintended occurrence which could not have been prevented by the exercise of reasonable care. The author then goes on to say that in general, under modern law, there is no liability for unavoidable acci-

dent. He further states that the automobile driver whose tire blows out is responsible for the damage done only if he has been at fault.

"In connection with the use of tires, this court said in Lestico v. Kuehner, 204 Minn. 125, 133, 283 N. W. 122, 127:

" '* * * The owner of an automobile may be negligent in using worn or damaged tires. In the absence of such circumstances, his guests assume such risk as arises from punctures and blowouts.'

"See, also, Kelly v. Gagnon, 121 Neb. 113, 236 N. W. 160; Byerly v. Thorpe, 221 Wis. 28, 265 N. W. 76; 1 Blashfield, Cyc. of Automobile Law and Practice (Perm. ed.) § 635; 2 *Id.* § 828; 9 *Id.* § 6115; 2 Berry, Automobiles (7 ed.) § 2.447a."

Here defendant testified, "The tires were — they weren't new, but they were in very good shape," and there is nothing in the record which would controvert this testimony or which would indicate that the tires appeared defective in any way. Under such circumstances, it seems clear that a fact issue with reference to the driver's negligence was presented. If the jury determined from the evidence that the accident had been caused by a sudden blowout of the right rear tire before the car left the blacktop, this would sustain its finding that the accident was not due to the driver's negligence but was unavoidable. While the evidence might also reasonably sustain a finding that the blowout occurred after the car had left the blacktop, certainly it would not compel such a finding. Since it is clear that the evidence did not conclusively establish that the blowout was the result of the driver's negligence in driving onto the shoulder of the highway but could have been the cause of his so doing, it would follow that the court did not err in submitting to the jury the issue relative to the driver's negligence.

Affirmed.