# HERBERT J. PRATT *v.* ILENE LESLIE COLEMAN ET AL.

[No. 184, September Term, 1971.]

*Decided January 20, 1972.*

The cause was argued before ANDERSON, MORTON and POWERS, JJ.

*Mataniah Eytan,* with whom was *Edward L. Goldman* on the brief, for appellant.

*Francis J. Ford* for Ilene Leslie Coleman, one of the appellees. *Paul V. McCormick,* with whom were *McInerney, Layne & McCormick* on the brief, for George A. Fuller Company, Inc., another appellee. *Joseph Patrick Clancy,* with whom were *Clancy & Pfeifer* on the brief, for Riggs National Bank, other appellee.

ANDERSON, J., delivered the opinion of the Court.

The appellant, Herbert J. Pratt, brought suit against the appellees, Ilene Leslie Coleman, George A. Fuller Company, Inc., and Riggs National Bank. Originally Walker Dunlop, Inc. was a defendant but the plaintiff dismissed his claim against that defendant at the conclusion of his case in chief. The suit was brought in the Circuit Court for Montgomery County, Judge Kathryn J. Shook presiding at a jury trial. The appellant, a pedestrian, brought suit on the basis of alleged injuries sustained as a result of an automobile accident on June 29, 1968. The appellant contended that his injuries were due to the negligent operation of a motor vehicle by the appellee Coleman and/or due to the negligence of the appellees, the Riggs National Bank and George A. Fuller Company, Inc. in the maintenance and use of the sidewalk area adjacent to the roadway where the accident occurred.

Among the evidence offered by the appellant and received by the court was the testimony of the appellee Coleman and her father, Dr. Allen B. Coleman. At the conclusion of the appellant's case, Judge Shook granted

motions for directed verdicts for the three appellees. On this appeal, the appellant raises the following contentions:

(1) The trial court erred in directing verdicts in favor of the appellees on the ground that the appellant had failed to establish legally sufficient evidence of any negligence on the part of the appellees that was a proximate cause of the appellant's injuries.

(2) The trial court erred in directing verdicts in favor of the appellees on the ground that the evidence offered by the appellant demonstrated, as a matter of law, that this conduct was contributorily negligent and that it was a proximate cause of the injuries sustained by him.

(3) The trial court erred in taking the consideration of the doctrine of last clear chance away from the jury.

We will view the facts in the light most favorable to the appellant, the non-moving party, for in ruling on the propriety of a directed verdict in a negligence case, the truth of all the credible evidence tending to sustain the claim of negligence must be assumed and all favorable inferences of fact fairly deducible therefrom tending to establish negligence drawn. *Mazer v. Stedding,* 10 Md. App. 505, 506. "* * * Maryland has gone almost as far as any jurisdiction we know of in holding that meager evidence of negligence is sufficient to carry a case to the jury. * * *". *Fowler v. Smith,* 240 Md. 240, 246.

In the instant case the accident occurred at approximately 12:30 p.m. on Willard Avenue, in Chevy Chase, Maryland, in front of the Willoughby Apartments, an apartment house then under construction. Willard Avenue, at the point where the accident occurred, is a four lane roadway running east and west. The appellant and a companion, Robert L. Schreiber, had crossed the road-

way from south to north, each taking a slightly different route and direction. The appellant had crossed to the north curb and because of an obstruction in the form of debris and planking, on the north curb he decided not to leave the roadway at that point. He thereupon changed his direction of travel so that he proceeded in a westerly direction, out from the curb and back into the travelled portion of the roadway. Before veering back into the roadway the appellant claimed that he looked for approaching traffic but saw none. Shortly after the appellant stepped back into the travelled portion of the roadway, the accident occurred. At no time did the appellant see Miss Coleman's vehicle.

The appellant then called as a witness, the appellee Coleman. It should be pointed out that the general rule in this State is that if one party calls an adverse party as a witness, he is bound by his adversary's testimony, unless it is contradicted or discredited. Md. Code (1957), Art. 35, Sec. 9; *Nizer v. Phelps*, 252 Md. 185, 203; *Plitt v. Greenberg*, 242 Md. 359. The appellee Coleman was proceeding westbound on Willard Avenue at approximately twenty-five miles per hour. As she approached the Willoughby Apartments she observed the appellant reach the north curb. In the area when the appellant reached the north curb there was a mound of dirt extending from the curb into the right lane of travel. To avoid this dirt pile, Miss Coleman started to move her vehicle from the curb lane into the lane closest to the center lane of travel. She looked into her rear view mirror for traffic approaching from the rear and then started to move into the centermost lane. The Coleman car had just started into the centermost lane when the impact occurred. At that time the car was abreast of the dirt pile and the point of contact between the appellant and the Coleman vehicle was the right side of the car, most likely the handle. The point of impact was at the dirt pile in the curb lane. The mound of dirt extended approximately six feet into the curb lane. Immediately following the impact, the appellant was observed lying four to five feet out from the curb.

## I and II

It is not necessary to consider the first contention raised by the appellant, for even if it is assumed, without deciding, that there was sufficient evidence of primary negligence to submit the case to the jury, it appears that the pedestrian was contributorily negligent as a matter of law.

The Maryland Code (1957), Art. 66½, Sec. 236 (a),[1] applicable at the time of the accident, is explicit that vehicles have the right of way between street crossings in towns and cities. This section and the cases applying it make it clear that pedestrians have the right of way only at street crossings. *Scaggs v. Zacharia,* 311 F. 2d 488 (4th Cir. 1962). While it is true that a pedestrian who crosses a street between crossings is not negligent *per se,* he is nevertheless required, when he undertakes to do so, to use the greatest of care to protect himself from injury. *United States Fidelity and Guaranty Company v. Royer,* 230 Md. 50, 54. Further, in crossing a street at a point where he does not have the right of way, a pedestrian must conform to such vehicular traffic that may be on the street, and it is generally no excuse if he fails to see or hear approaching traffic. *U. S. F. & G. Co. v. Royer, supra,* at 54 and 55; *Henderson v. Brown,* 214 Md. 463. It is clear, therefore, that if this Court were to characterize the appellant's short sojourn around the pile of dirt as a crossing of a street between street crossings, the appellant would be guilty of contributory negligence as a matter of law because of his failure to see an approaching vehicle. *U. S. F. & G. Co. v. Royer, supra,* at 55.

However, the appellant argues that Sec. 236 (a) and *Royer, supra,* do not apply to him because he was not hit while crossing the street. Rather, the appellant argues, he had made it to the north side of Willard Avenue but could not step onto the curbstone because there was no sidewalk behind the curbstone and the curbstone itself

1. Now Md. Code (1970), Art. 66½, Sec. 502-503.

was covered with dirt and debris. The appellant argues that from the time he reached the north curb until the time he was hit he exercised reasonable care and at the very least could not be guilty of contributory negligence as a matter of law. We disagree.

In *Royer, supra,* at 55, the Court of Appeals referred to cases holding that "whenever a motor vehicle has the right of way, it is negligence as a matter of law for a pedestrian to leave a place of safety for a position of danger without looking for approaching traffic." The Court said further at 55, "* * * we must apply the rule that the testimony of a pedestrian, claiming that he *did not see what he must have seen had he looked,* is unworthy of consideration. * * *" [Emphasis supplied by the Court.] See also *Van v. McPartland,* 242 Md. 543 and cases cited and discussed therein; *Vagnoni v. Shenkle,* 12 Md. App. 576, 579.

Even assuming that the appellant's actions while on the north curb did not constitute a "crossing of the street between crossings" within the meaning of the statute, there can be no question that the appellant left a place of safety for a position of danger. The appellant claims that this rule is inapplicable to him since he testified that, although he looked, he did not see the oncoming vehicle that was approaching him. We feel, however, as the Court of Appeals in *Royer, supra,* at 55, that the testimony of a pedestrian that he did not see what he must have seen had he looked, is unworthy of consideration. As stated above, Miss Coleman's testimony was that she was traveling at a rate of approximately twenty-five miles per hour. Although the appellant attempted to contradict and discredit Miss Coleman as a witness we cannot say that he was successful and therefore the appellant, for reasons set forth earlier, is bound by her testimony. We do not think that Miss Coleman's testimony contains improbabilities, nor are there reasonable grounds for concluding that it is erroneous. *Nizer v. Phelps, supra,* at 204. Further, there was uncontradicted evidence that at the time of the accident, weather condi-

tions were excellent, the skies were clear, and the streets were dry. It is evident that the appellant's testimony, that he did not see what he must have seen had he looked, is unworthy of consideration. Therefore, there can be no question that the appellant was guilty of contributory negligence as a matter of law.

### III

The appellant contends further that the trial court erred in taking the consideration of the doctrine of last clear chance away from the jury. We see no merit in this contention. The Court of Appeals has held on many occasions that, in order for the doctrine to apply, the defendant's negligence must have been sequential, not concurrent. See *e.g., Fowler v. DeFontes,* 211 Md. 568. Having assumed, however, that the vehicle was operated in a negligent manner, there was, at most, concurrent negligence and the doctrine of last clear chance does not apply. *U. S. F. & G. Co. v. Royer, supra,* at 56; *State, use of Taylor v. Barlly,* 216 Md. 94, 103.

The judgment appealed from must be affirmed.

*Judgment affirmed; appellant
to pay costs.*