## WILLIAM CLIFFORD BROCK *v.* JAMES EDWARD SORRELL ET AL.

[No. 560, September Term, 1971.]

*Decided March 23, 1972.*

The cause was argued before ORTH, MOYLAN and GIL-
BERT, JJ.

*Bernard Brager* for appellant.

*Ernest M. Thompson* for appellees.

GILBERT, J., delivered the opinion of the Court.

William Clifford Brock, appellant, brought suit against
James Edward Sorrell, appellee, and Norman McDaniel,
appellee,[1] seeking recompense for personal injuries sus-
tained by appellant when the motor vehicle driven by
Sorrell overturned following a blowout.

At the conclusion of the plaintiff-appellant's case, Judge
James A. Wise, presiding in the Circuit Court for Caro-
line County, granted a motion for a directed verdict filed
on behalf of both defendants-appellees.

Appellant here argues that he had established a *prima
facie* showing of negligence and that the trial judge er-
roneously granted the appellees' motion.

The crux of the appellant's case is set forth in the
testimony of the appellant himself. That testimony can
be summarized as follows: appellant and the appellees
worked for the same employer as oyster tongers. On Oc-
tober 9, 1970, the appellant was a passenger riding in the
center front seat of a one-half ton Ford pickup truck.
The truck had been converted from a passenger motor
vehicle. While traveling on U.S. Rt. 50, approximately
one-half mile from Maryland Rt. 456 in Queen Anne's
County, the pickup, driven by the appellee Sorrell, at-
tempted to pass another vehicle and while in the course
of doing so the left front tire of the pickup blew out.
Sorrell "hit his brakes" and the truck left the paved por-
tion of the road and completely overturned. Appellant

---

1. McDaniel was the owner of, and a passenger in, the vehicle
when the accident occurred. He was deceased at the time of the
trial as a result of a different motor vehicle mishap. By agreement
of counsel and apparent acquiescence of the trial court, no sugges-
tion of death was filed. See Maryland Rule 220.

was partially thrown out of the truck. He injured his right arm, head and lower back. Appellant stated that approximately 50 miles prior to the scene where the accident occurred, appellee Sorrel had remarked that the vehicle "wasn't handling right or something." [2] No further elaboration was made on the point. Three days after the accident appellant examined the wrecked pickup truck and ascertained that the left front tire "looked like it was worn a little bit." Appellant was unable to state how much weight the truck was carrying at the time the tire blew out except that, "It had a lot of tools in it, and a plate * * * a steel plate."

Following the introduction of the medical reports, not here germane, the appellees submitted their written motion for a directed verdict to Judge Wise. The jury was excluded and after argument Judge Wise granted the motion with respect to both appellees.

We said in *Little v. Duncan,* 14 Md. App. 8, 16, 284 A. 2d 641, 645 (1971), that:

> "It is axiomatic that the mere happening of an accident does not give rise to a presumption of negligence, *Finney v. Frevel,* 183 Md. 355, 362 (1944) ; *Bohlen v. Glenn L. Martin Co.,* 193 Md. 454, 463 (1949) ; *Schaub v. Community Cab, Inc.,* 198 Md. 216, 225 (1951), and that the burden of proof rests upon the plaintiff to demonstrate that a defendant or defendants were guilty of negligence directly contributing to the happening of the accident. *Finney, supra; Larsen v. Romeo,* 254 Md. 220, 225 (1969) ; *Mazer v. Stedding,* 10 Md. App. 505, 506-507 (1970) ; *Armstrong v. Johnson Motor Lines,* 12 Md. App. 492, 500 (1971) ."

---

2. Appellant's continued voluntary presence in the vehicle, after the remark of the driver, gives rise to an interesting question of contributory negligence or assumption of the risk, not here raised, so we do not consider it. See *Renfro v. Keen,* 19 Tenn. App. 345, 89 S.W.2d 170 (1935) ; 61 C.J.S. *Motor Vehicles,* § 486 (8), "Condition of Vehicle," note 43.

Appellant earnestly argues that when the evidence present in this case is viewed in the light most favorable to him (the non-moving party), the truth of all the credible evidence tending to sustain his claim of negligence is assumed, and all favorable inferences of fact fairly deducible therefrom tending to establish negligence, are postulated to his benefit, the matter should have been submitted to the jury. Rule 552; *Pratt v. Coleman*, 14 Md. App. 76, 286 A. 2d 209 (1972); *Herbert v. Klisenbauer*, 12 Md. App. 135, 277 A. 2d 625 (1971); *Mazer v. Stedding, supra*. He says, in effect, that the high rate of speed of the truck (55 miles per hour), "loaded as heavily as this one" and the testimony that the vehicle was not "handling" properly, joined with the allegation that the left front tire was "worn a little bit," all established sufficient basis for the jury to determine the question of negligence. In support of his position, appellant relies upon *Lund v. Connolly*, 275 Minn. 127, 145 N.W.2d 422 (1966), and *Grant v. Matson*, 68 S. D. 402, 3 N.W.2d 118 (1942). We think, however, that both of those cases are factually inapposite. In *Lund*, the driver of the vehicle turned his head so as to face the passengers in the rear seat and at that time the right front wheel left the road. At about the same instant, the right rear tire "went flat." The right side of the car had gone over "onto the shoulder" and hit the gravel, and when the driver attempted to turn to the left the vehicle "fishtailed." The plaintiff testified that the blowout occurred at or about the same time as the vehicle went upon the shoulder. The act of negligence in *Lund* relied upon to submit the case to the jury, i.e., turning one's head during the course of driving, occurred before the blowout. In short, the negligence occurred before the blowout.

In the instant case, the blowout occurred while the vehicle was apparently being operated within the prescribed speed limit, and while attempting to pass another vehicle. There was no evidence that the vehicle left the road before the blowout. *Grant* dealt with a set of facts wherein the driver was operating at an unlawful rate

of speed on a "very rough" road. Here, appellant did not show any evidence of unlawful speed or that the road was in such poor condition that a person operating a motor vehicle at the rate of 55 miles an hour thereon would have been driving at an improper speed under the circumstances so as to give rise to an act of negligence.

We note that no testimony was offered to establish the weight of the "load" in the truck, or that such weight constituted an overload, thereby placing excess strain upon the tires. No guidelines were offered to establish what the appellant meant when he said the tire was "worn a little bit." The jury could not be allowed to speculate upon the condition of the tire at the time of the blowout. More explicit evidence was needed than was presented by the appellant. The mere fact that a tire blows out, standing alone, does not, of itself, render the owner or operator of the motor vehicle liable to an injured passenger. *Glazer v. Grob*, 136 Me. 123, 3 A. 2d 895 (1939). It is incumbent upon a plaintiff to establish that the tire was in some manner defective, and that the operator or the owner, as the case may be, knew, or should have known, by the exercise of reasonable care, of the defect. See *Delair v. McAdoo*, 324 Pa. 392, 188 A. 181 (1936) ; *Dostie v. Lewiston Crushed Stone Co.*, 136 Me. 284, 8 A. 2d 393 (1939) ; *Glazer v. Grob, supra*. Where the driver has no such knowledge, actual or constructive, of the unsafe condition of the tire, he is not liable to a passenger injured in an accident resulting from a blowout. *Dostie v. Lewiston Crushed Stone Co., supra; Glazer v. Grob, supra*.

We do not believe that the statement attributed to the appellee Sorrell, and allegedly made sometime before, and approximately 50 miles distant from the place of the blowout, that "the vehicle wasn't handling right or something" constitutes knowledge of a defect in the tire. This is particularly so in view of the plaintiff's testimony that after the remark was made they continued on "* * * just normally. You know, we were talking about how Norman [3] always keeps things in shape."

---

3. The deceased appellee, Norman McDaniel.

6

Maryland has gone almost as far as any jurisdiction, to our knowledge, in holding that slight evidence of negligence may be sufficient to carry a case to the jury. *Fowler v. Smith,* 240 Md. 240, 213 A. 2d 549 (1965) ; *Mazer v. Stedding, supra.* In *Fowler v. Smith, supra,* Chief Judge Prescott, speaking for the Court of Appeals, said:

"The rule has been stated as requiring submission if there be any evidence, however slight, *legally sufficient* as tending to prove negligence, and the weight and value of such evidence will be left to the jury. *Ford v. Bradford,* 213 Md. 534. Cf. *Bernardi v. Roedel,* 225 Md. 17, 21. However, the rule as above stated does not mean, as is illustrated by the adjudicated cases, that all cases where questions of alleged negligence are involved must be submitted to a jury. The words 'legally sufficient' have significance. They mean that a party who has the burden of proving another party guilty of negligence, cannot sustain this burden by offering a mere scintilla of evidence, amounting to no more than surmise, possibility, or conjecture that such other party has been guilty of negligence, but such evidence must be of legal probative force and evidential value. *State v. Hopkins,* 173 Md. 321, and cases cited; *Hevell v. Balto. Transit Co.,* 173 Md. 327; *Haddock v. Stewart,* 232 Md. 139. Cf. *Commissioners, etc. v. Clark,* 94 U. S. 278 (not a negligence case). The rule, stated in slightly different terms, is that where the facts are undisputed, or the facts most favorable to the party carrying the burden of establishing another party's negligence are assumed to be true and all favorable inferences, fairly deducible therefrom, are drawn in favor of the burden-carrying party, and such undisputed facts (or the said favorable facts and inferences) lead to conclusions from which reasonable minds could not differ, then the question of negligence, *vel non,*

becomes a question of law. *Bernardi v. Roedel, Suman v. Hoffman* [221 Md. 302] ; *Kantor v. Ash* [215 Md. 285], all *supra.*"

See also *Mazer v. Stedding, supra.*

Under the circumstances of the instant case, the appellant simply did not present testimony of such probative force as to establish a *prima facie* showing of negligence so as to allow consideration by the jury. The "proof" presented by the appellant constituted no more than "surmise, possibility or conjecture." Confronted by a claim grounded on negligence, but devoid of legally sufficient evidence establishing negligence, Judge Wise properly granted the appellees-defendants' motion for a directed verdict.

*Judgment affirmed.*
*Costs to be paid by appellant.*