865 F.2d 1256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Philip BAKER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-3839.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 5, 1988.
Decided: Jan. 3, 1989.
 
 Mary Patricia Nyiri (Robert Pleshaw, on brief), for appellant.
 David Paul King, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney; Carmina S. Hughes, Roann Nichols, Assistant United States Attorneys, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Philip Baker brought suit in the United States District Court for the District of Maryland under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b), to recover for injuries suffered when a United States Postal Service truck hit him while he was attempting to cross 16th Street in Silver Spring, Maryland. After trial, the district court found the Postal Service driver negligent, but denied Baker recovery on the grounds that he was contributorily negligent.
 
 
 2
 Baker, who was mildly mentally retarded, worked at a People's Drugstore located just off Georgia Avenue, north of 16th Street, in Silver Spring, Maryland. He stocked shelves at the store and performed various maintenance and janitorial duties. In addition, he would sometimes accompany the store's managers to a nearby bank to make deposits or get change.
 
 
 3
 On December 21, 1984, Baker finished his shift and left the drugstore between 5 and 5:15 p.m. He apparently walked alone down Georgia Avenue south toward 16th Street. Instead of crossing 16th Street at its intersection with Georgia Avenue, he followed a sidewalk along the north side of 16th Street for at least 60 feet. He then attempted to cross 16th Street to reach a footpath on the south side of the street. The place Baker tried to cross was in a slight curve. A row of bricks led from the sidewalk on the north side of 16th Street to the street's curb. There were no street markings or signs plainly warning motorists of crossing pedestrians.
 
 
 4
 It was dark at the time and a moderate to heavy rain was falling. Testimony at trial indicated that fog had formed in the area, and that visibility was poor. Baker was wearing a beige jacket and dark brown clothes.
 
 
 5
 At about 5:20 p.m., a five-ton Postal Service truck driven by Brian Downs struck Baker approximately six feet from the southern curb of 16th Street. Baker suffered serious head injuries.
 
 
 6
 Other than Baker and Downs, no other eyewitnesses to the accident were produced. Downs testified that he did not see Baker until he was right in front of the truck. Baker was unavailable to testify at trial because his injuries and mental retardation prevented him from recalling the accident.
 
 
 7
 Maryland law governs the liability of the parties. See Horton v. United States, 622 F.2d 80, 82 (4th Cir.1980) (actions under Federal Tort Claims Act are governed by state law); 28 U.S.C. Sec. 1346(b) (liability determined in accordance with law of place where accident occurred). Under Maryland law, contributory negligence bars recovery by the plaintiff. Hooper v. Mougin, 263 Md. 630, 633, 284 A.2d 236, 238 (1971). See also Harrison v. Montgomery County Board of Education, 295 Md. 442, 456 A.2d 894 (1983) (refusing to abandon doctrine of contributory negligence in favor of comparative negligence). Defendant bears the burden of proving contributory negligence. Menish v. Polinger Co., 277 Md. 553, 562, 356 A.2d 233, 238 (1976).
 
 
 8
 In determining whether contributory negligence existed, the plaintiff's conduct must be judged by the standard of care of "an ordinarily prudent person under the same or similar circumstances, not that of a very cautious person." Menish, 277 Md. at 559, 356 A.2d at 236. Where, as here, the plaintiff is unavailable to testify because of the injuries suffered in the accident, Maryland law adopts a presumption that the person exercised ordinary care for his own safety. Nizer v. Phelps, 252 Md. 185, 205, 249 A.2d 112, 123 (1969). A defendant may rebut that presumption, however, by producing evidence of the plaintiff's negligence. Bratton v. Smith, 256 Md. 698, 703-04, 261 A.2d 777, 781 (1970).
 
 
 9
 Maryland considers contributory negligence to be an issue for the fact finder whenever there are disputed material facts bearing on the plaintiff's standard of care, or when more than one inference concerning the plaintiff's negligence, or lack thereof, may reasonably be drawn from the existing facts. See Reiser v. Abramson, 264 Md. 372, 377-78, 286 A.2d 91, 93 (1972). This Court should not set aside the district court's factual finding of contributory negligence unless clearly erroneous. Fed.R.Civ.P. 52(a).
 
 
 10
 In Maryland, a pedestrian's crossing a street outside of a crosswalk, while not negligent per se, does constitute an important factor bearing upon contributory negligence. United States Fidelity & Guaranty Co. v. Royer, 230 Md. 50, 54, 185 A.2d 341, 343 (1962); Boyd v. Simpler, 222 Md. 126, 131, 158 A.2d 666, 668 (1960); Cohen v. Rubin, 55 Md.App. 83, 90, 460 A.2d 1046, 1050 (1983); Md.Transp.Code Ann. Sec. 21-503(a) (pedestrian must yield right of way to motorists when crossing outside of crosswalk). If a pedestrian crosses the street other than at a crosswalk, he or she must exercise a greater level of care than if crossing at a crosswalk. See Royer, 230 Md. at 54, 185 A.2d at 343 (must exercise "greatest of care" for own safety); Pratt v. Coleman, 14 Md.App. 76, 80, 286 A.2d 209, 211 (1972) (same).
 
 
 11
 Baker asserts that he crossed 16th Street at a crosswalk, and thus should not be held to the higher standard of care. We disagree. Baker concedes the place he crossed the street was not a marked crosswalk. However, he contends he was in an unmarked crosswalk, which is defined as:
 
 
 12
 That part of a roadway that is within the prolongation or connection of the lateral lines of sidewalks at any place where 2 or more roadways of any type meet or join, measured from the curbs or, in the absence of curbs, from the edges of the roadway.
 
 
 13
 Md.Transp.Code Ann. Sec. 21-101(f)(2). Baker argues that the place he crossed falls within that definition because it connects a sidewalk on one side of 16th Street to a worn footpath on the other. However, Baker ignores the requirement that unmarked crosswalks may exist only at intersections. Baker did not cross at an intersection. Instead, he attempted to cross 16th Street some sixty feet away from its intersection with Georgia Avenue. His place of crossing cannot be considered an unmarked crosswalk under Maryland law.
 
 
 14
 Baker, however, makes two additional arguments to try to convert his crossing place into an unmarked crosswalk. First, he argues that pedestrians had routinely crossed in that location for years. However, pedestrians in Maryland may not establish a crosswalk by custom. Van v. McPartland, 242 Md. 543, 547, 219 A.2d 815, 817 (1966). Second, Baker argues that 16th Street is narrower, and therefore easier to cross where he did, than at the intersection with Georgia Avenue. Even if true, that would not overcome the clear statutory requirement that an unmarked crosswalk be at an intersection, rather than in the middle of a block. The Maryland definition of an unmarked crosswalk makes sense. Motorists need some warning when approaching a pedestrian area. In the absence of street markings or signs, motorists will most likely expect to encounter pedestrians in the street at intersections, not in the middle of the block. Baker's failure to cross at an intersection destroys his argument that he was in a crosswalk when hit.
 
 
 15
 A pedestrian's crossing outside of a crosswalk raises a factual issue of negligence to be resolved by the jury or, in this case, the judge sitting as fact finder in a bench trial. See Cohen, 55 Md.App. at 90, 460 A.2d at 1050. In light of Baker's crossing other than at a crosswalk, the district court's finding of contributory negligence must be upheld unless clearly erroneous.
 
 
 16
 The district court did not clearly err in finding Baker contributorily negligent. Not only did he cross outside of a crosswalk, but he also did so at a time and place where a motorist would have difficulty seeing him and stopping in time to avoid an accident. Testimony at trial established that the accident took place after dark. It was raining. There was testimony that it was foggy, and that the lighting and visibility in the area were poor. Furthermore, Baker attempted to cross in a slightly curved section of 16th Street. The facts, taken together, support a finding of contributory negligence.
 
 
 17
 Baker's counsel argues, however, that Baker would not have been contributorily negligent because there was undisputed testimony that Baker by habit always took special care to look for traffic before crossing streets. Even if true, caution of that kind would not defeat a finding of contributory negligence. Maryland courts have found contributory negligence when plaintiffs, even though they looked before crossing, failed to see an oncoming vehicle. See Royer, 230 Md. at 55, 185 A.2d at 343; Van, 242 Md. at 551, 219 A.2d at 818. One must conclude that Baker either failed to look, looked but failed to see approaching traffic, or looked and saw the vehicle but misjudged its distance or speed. Whichever happened, Baker's crossing outside of a crosswalk under the poor weather and visibility conditions demonstrate that the district court did not clearly err in finding contributory negligence.
 
 
 18
 AFFIRMED.